IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| LANNY B. SMITH, | ) | |
|---|---|---|
| Petitioner, | ) ) ) | Case No. CV 08-227-S-EJL |
| v. | ) ) | **AMENDED** |
| LAWRENCE WASDEN, Idaho Attorney General, and BRENT REINKE, Director of Idaho Department of Correction, | ) ) ) ) ) | **MEMORANDUM ORDER** |
| Respondents. | ) ) | |

Previously in this habeas corpus matter, the Court granted Petitioner's Motion for Discovery and for Additional Time. (Docket No. 38.) Respondents have since filed a Motion for Reconsideration. (Docket No. 39.)

For the reasons that follow, Respondents' Motion will be denied to the extent that they ask the Court to reconsider its decision allowing Petitioner to engage in limited discovery, but the Court has concluded that its previous Order shall be amended. To ensure clarity in the record, the December 23, 2009 Memorandum Order (Docket No. 38) is hereby superseded and replaced by this Amended Memorandum Order.

### BACKGROUND

In 1996, Petitioner was convicted of two counts of first degree murder, and one count of burglary, for entering Leo and Mary Downard's home and shooting them to death. For these crimes, he was sentenced to a controlling term of life in prison without the possibility

**AMENDED MEMORANDUM ORDER - 1**

of parole. The Idaho Court of Appeals affirmed Petitioner's convictions and sentences on direct appeal, and the Idaho Supreme Court declined to review the case. (State's Lodgings B-3, B-6, B-7.)

Petitioner's brother, Jeff Smith, was originally suspected of murdering the Downards, but the charges against him were dismissed at a preliminary hearing, and the State prosecuted Petitioner instead. After Petitioner's trial had concluded, but while his appeal was still pending, the State forwarded a Supplemental Discovery Response to Petitioner's trial counsel, Stevan Thompson. (State's Lodging C-1, pp. 12-18.) The Supplemental Response contained a recently completed written statement from a Jamie Lynn Hill, in which she claimed to have witnessed an altercation between Jeff Smith and his wife in 1994. (State's Lodging C-1, p. 16.) Hill asserted that when she tried to intervene, Jeff Smith told her, "you better back down little girl, or I'll take care of you just like I took care of that ol' Ammon couple." (State's Lodging C-1, p. 16.)

Based partially on this new evidence, Stevan Thompson filed a Petition for Post-Conviction Relief on Petitioner's behalf on May 20, 2002, alleging that he had not provided Petitioner with constitutionally effective assistance of counsel. (State's Lodging C-1, pp. 7-9.) The State filed a Motion for Summary Disposition, and the state court appointed new counsel to represent Petitioner in the post-conviction matter. (State's Lodging C-1, pp. 23-24, 34.)

After receiving continuances, Petitioner's new counsel sought to amend Petition to allege that the prosecution had withheld exculpatory evidence from the defense, in violation

**AMENDED MEMORANDUM ORDER - 2**

of *Brady v. Maryland*, 373 U.S. 83 (1963) (the "*Brady* claim"). (State's Lodging C-1, pp. 41-42.) In support, he included a new affidavit from Jamie Hill, in which she reiterated her claim that Jeff Smith had said that he would "take care of you just like I took care of that ol' Ammon couple," but she also added that she had contacted the Bonneville County Sheriff's Office to report Smith's comment within a few days of the altercation. (State's Lodging C-1, pp. 43-44.)

Petitioner's counsel attempted to conduct discovery by serving a subpoena duces tecum on the Bonneville County Sheriff's Office. (State's Lodging C-1, p. 59.) In the subpoena, he requested production of "any and all documents, records, photographs, etc. in your possession and related to the investigation of both Lanny Smith and Jeff L. Smith for the murders of Leo and Mary Downard," and specifically requesting disclosure of "the contents of any files created by Detective Victor Rodriguez." (State's Lodging C-1, p. 59.)

The State filed a Motion to Quash, arguing that Petitioner had failed to comply with applicable rules governing discovery in post-conviction proceedings. (State 's Lodging C-1, p. 59.) The state court agreed and quashed the subpoena but, "in the interests of justice and efficiency," the court construed the subpoena as a motion for leave to conduct discovery and ordered Respondent to "make available for inspection and copying the documents and items designated in [the subpoena]." (State's Lodging C-1, p. 104.) At the same time, however, the court granted the State's Motion for Summary Disposition, effectively dismissing the ineffective assistance of counsel claims, but granted Petitioner's Motion for Leave to Amend and allowed him to go forward with the *Brady* claim. (State's Lodging C-1, pp. 91-105.)

**AMENDED MEMORANDUM ORDER - 3**

After the court issued these rulings, the State sought an evidentiary hearing on the *Brady* claim and a pre-hearing cut-off date for all discovery, requests that were granted. (State's Lodging C-2, pp. 149-50, 157-59.) In advance of the discovery deadline, Petitioner submitted a notice that he intended to depose Sheriff's officers Morgan Hendricks, Mike Dickson, and James Foster, and Idaho Falls police officer Gary Hagan. (State's Lodging C-2, pp. 151-52.) In response, the State filed another Motion to Quash, claiming again that Petitioner had failed to seek leave of court before attempting to conduct discovery and that depositions were unnecessary. (State's Lodging C-2, pp. 161-76.) The court quashed the subpoenas and disallowed the depositions. (State's Lodging C-2, pp. 209-10.) The court also denied Petitioner's request to amend his Petition a second time to include an allegation that the State failed to disclose a police report regarding an altercation between Jeff Smith and his wife. (State's Lodging C-2, p. 263.)

An evidentiary hearing on the *Brady* claim, based on Jamie Hill's statement, was completed on January 23, 2006, and the state district court denied relief. (State's Lodging C-4, pp. 238-46.) The Idaho Court of Appeals affirmed that decision, and the Idaho Supreme Court denied Petitioner's Petition for Review. (State's Lodgings D-4, D-7.)

On May 23, 2008, Petitioner lodged the current Petition for Writ of Habeas Corpus in this Court. The Court conducted its initial review and allowed Petitioner to proceed with an ineffective assistance of counsel claim and a *Brady* claim. (Docket No. 5, pp. 2-5.) Respondents submitted an Answer and a Motion for Summary Judgment. (Docket Nos. 12, 13.) The Court appointed counsel to assist Petitioner, and it has deferred ruling on the

**AMENDED MEMORANDUM ORDER - 4**

Motion for Summary Judgment pending a response from counsel. (Docket No. 27, p. 15.)

Petitioner's counsel seeks permission to conduct depositions of trial counsel Stevan Thompson, lead investigator Detective Victor Rodriguez, Sheriff's Officer Mike Dickson, and lay witness Heidi Liebert. (Docket No. 31.) Counsel also requests an order permitting her "to review the State's files, including officer notes, reports, audio recording, and all other evidence that trial, appellate, and post-conviction level." (Docket No. 31-1, pp. 15-16.)

**STANDARD OF LAW**

A habeas petitioner, unlike a traditional civil litigant, is not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, the petitioner must first seek leave of court, and leave will be granted only upon a showing of good cause. *See* Rule 6(a) of the Rules Governing Section 2254 Cases (Habeas Rules). Good cause exists when "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Bracy*, 520 U.S. at 908-09 (*citing Harris v. Nelson*, 394 U.S. 286, 295 (1969)).

In a cases that are subject to the Antiterrorism and Effective Death Penalty Act (AEDPA), as here, Habeas Rule 6 must be construed in light of AEDPA's provisions limiting new evidentiary development in federal court. In particular, 28 U.S.C. § 2254(e)(2) prohibits an "evidentiary hearing" in federal court when the petitioner "failed to develop" the factual basis of a claim in state court, unless one of two narrow exceptions is applicable. This restriction also applies when the petitioner seeks relief on new evidence without an evidentiary hearing. *See Holland v. Jackson*, 542 U.S. 649, 652 (2004); *accord*

*Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005).

Section 2254(e)(2) does not speak directly to requests for civil discovery, but the statute must still be taken into consideration when the petitioner seeks to use the discovery process as a means of developing evidence on the merits of his claims, rather than for some other preliminary or procedural purpose. This is so because it would be futile to allow the petitioner to obtain new material in discovery that ultimately cannot be presented, either by expanding the record or at an evidentiary hearing, under § 2254(e)(2). *See, e.g., Isaacs v. Head*, 300 F.3d 1232, 1248 (11th Cir. 2002) (recognizing the same post-AEDPA limitations on discovery and an evidentiary hearing).

A petitioner will be freed from AEDPA's statutory restraints if the federal court concludes that he was not at fault for the lack of full factual development in state court. *Williams v. Taylor*, 529 U.S. 420, 437 (2000). The resolution of that issue turns on whether the petitioner or his counsel acted with reasonable diligence in state court, which "depends upon whether the [petitioner] made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims." *Id.* at 431. If the petitioner exercised reasonable diligence but was unable to develop a complete record, the decision whether to allow new evidentiary development reverts to the federal court's discretion, guided by ordinary habeas rules, practice, and procedure. *Schriro v. Landrigan*, 550 U.S. 465, 468 (2007).

# DISCUSSION

Applying the above standards to the facts in the present case, the Court finds that Petitioner diligently investigated and pursued his claims in state court, removing § 2254(e)(2) as a barrier. The Court further finds that Petitioner has established good cause for the limited discovery that he has requested under Habeas Rule 6(a).

Petitioner first attempted to conduct discovery in state court after new counsel was appointed by submitting a subpoena duces tecum to the Bonneville Count Sheriff's Office, but the State sought to quash the subpoena on several grounds. Indeed, this was the beginning of the State's aggressive use of procedural rules to block Petitioner from using the discovery process in state court, either as an investigative tool or to prepare for the evidentiary hearing. The state court ultimately ordered the disclosure of those items, but it did so at the same time that it dismissed the original Petition raising claims of ineffective assistance of counsel. The state court also did not allow Petitioner to present the testimony of trial counsel Thompson, who was apparently available to testify on short notice, before dismissing the claims of ineffective assistance. (State's Lodging C-4, pp. 33-34.) While Thompson briefly testified at the evidentiary hearing on the *Brady* claim, his testimony was limited to what he would have done had Jamie Hill's statement been disclosed to him. (State's Lodging C-4, pp. 123-30.) Despite his efforts, then, Petitioner was unable to fully develop claims of ineffective assistance of counsel before they were dismissed.

Whether Petitioner was diligent in marshaling all of the facts related to the *Brady*

claim presents a closer question because an evidentiary hearing was held on that claim. Again, however, the State successfully quashed Petitioner's attempts at conducting pre-hearing discovery depositions, even after suggesting a discovery "cut-off" date. The State also successfully objected to an amendment to include a new claim before the hearing. (State's Lodging C-3, pp. 14-15.) Therefore, the Court finds that Petitioner is not at fault for the lack of a complete factual investigation because significant roadblocks were placed in his way.

In addition, because the evidence supporting Petitioner convictions is sufficient but not overwhelming, and because Petitioner defended, in part, on the theory that Jeff Smith was a possible alternate suspect, claims related to Jeff Smith's involvement are non-frivolous and worthy of further investigation. It may be that Petitioner will not uncover any other favorable evidence, but to be entitled to discovery he is not required to show that he will prevail on this claim. *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005). He has shown good cause under Habeas Rule 6(a).

The Court alternatively finds that discovery is warranted to allow Petitioner the opportunity to counter Respondents' defense of procedural default. The general rule prohibiting new factual development on substantive claims in 28 U.S.C. § 2254(e)(2) is not applicable to gateway procedural issues. *See, e.g., Cristin v. Brennan*, 281 F.3d 404, 412 (3d Cir. 2002) (holding that § 2254(e)(2) is not applicable to evidentiary hearing on questions of procedural default); *accord Boyko v. Parke*, 259 F.3d 781, 790 (7th Cir. 2001).

**AMENDED MEMORANDUM ORDER - 8**

Here, Respondents argue that Petitioner's ineffective assistance of counsel claims are defaulted. In response, Petitioner claims that he is actually innocent of the crimes for which he has been convicted, which is a type of procedural claim that, if proven, would excuse any default. *See House v. Bell*, 547 U.S. 518, 536 (2006) (reaffirming and applying the test from *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Although Petitioner is presently far from establishing his innocence, he has made a minimal threshold showing of good cause for discovery on the issue.[1]

It is of no small importance to the Court's decision that Petitioner's current request is specific, narrow, and tied to the issues in this case. Although Respondents argue that authorizing discovery will waste scarce resources and undermine AEDPA's goals of finality, comity, and federalism, the Court finds those concerns to be overstated; engaging in discovery is several steps removed from ordering a new evidentiary hearing, upsetting state court findings of fact, or granting relief on new evidence. The Court expresses no opinion on such issues at this time. *See Jones v. Wood*, 114 F.3d 1002, 1008 (9th Cir. 1997) ("discovery is available to habeas petitioners at the discretion of the district court judge for good cause shown, regardless of whether there is to be an evidentiary hearing."). Undoubtedly, some additional resources will be expended, but it is reasonable to expend

---

[1] Respondents claim that the Court can dispose of the ineffective assistance claim on the merits without resolving the procedural question, thus eliminating the need for discovery on actual innocence or cause and prejudice. (Docket No. 39, pp. 5-6.) The Court has little doubt that this is true, but it also has little doubt that it is not required to follow that path. In any event, discovery is warranted for the other reasons already given, regardless of the procedural issue.

**AMENDED MEMORANDUM ORDER - 9**

them.

For all of these reasons, Petitioner will be permitted to invoke the provisions of the Federal Rules of Civil Procedure to conduct the following discovery:

(1) depose Steven Thompson regarding his representation of Petitioner;

(2) depose Detective Victor Rodriguez as the lead investigator in this case and specifically about whether he spoke to Jamie Lynn Hill in 1994 or 1995;

(3) depose Heidi Liebert about her report of violence by Jeff Smith against Robin Smith in 1995 and a statement made by Jeff Smith to Detective Rodriguez about Robin Smith in 1997;

(4) depose Mike Dickson regarding an incident involving Jeff Smith at the Life Care Center in March 1994;

(5) inspect and copy the prosecutor's files on this case, excluding work product, from the trial, appellate, and post-conviction level.

Finally, Petitioner's current counsel has requested additional time in which to review the files that she has received from previous counsel. The Court assumes that the passage of time since the filing of her Motion has rendered this request moot. In any event, the Court shall set the deadline for Petitioner to file a response, after discovery is completed, for July 16, 2010.

# ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Reconsideration (Docket No. 39) is GRANTED to the extent that the Order of December 23, 2009 is amended and superseded by this Amended Memorandum Order. All other aspects of the Motion are DENIED.

IT IS FURTHER ORDERED that Petitioner's Motion for Discovery and Additional Time (Docket No. 32) is GRANTED, as set forth herein.

IT IS FURTHER ORDERED that the previous Scheduling Order (Docket No. 38) is modified as follows:

1. Respondent shall comply with the request for production of documents by March 19, 2010.

2. All discovery shall be completed by June 14, 2010.

3. Petitioner's response to Respondent's Motion for Summary Judgment shall be filed on or before July 16, 2010.

4. Respondents' reply shall be filed within 21 days of receiving Petitioner's response.

DATED: **February 22, 2010**

~~Honor~~able Edward J. Lodge
U. S. District Judge